IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA TOWNS,

                       Plaintiff,

    v.

KAREN ANDERSON, DR. DALIA SULIENE,
DR. KARL HOFFMAN, DR. SYED and KIM CAMPBELL,

                       Defendants.

OPINION AND ORDER

17-cv-912-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Joshua Towns, who is incarcerated at the Columbia Correctional Institution, is proceeding on an Eighth Amendment claim that staff at the Columbia Correctional Institution violated his constitutional rights by failing to provide adequate medical care for his left knee pain. Before the court is plaintiff's motion for a preliminary injunction. Dkt. #17. For the reasons stated below, the motion will be denied.

OPINION

Plaintiff explains in his short motion that he is in the "hole" and has no access to the library but that he wants the court to know that his knee condition has worsened and is causing him hip and back problems, for which he wants a cane. Attached to his motion is a response to an inmate complaint he filed on July 23, 2018, asking to be seen by physical therapy for the use of a cane. The inmate complaint examiner states in his August 9, 2018 response that RN Schueler, the health services unit manager, reported that Dr. Syed ordered

1

physical therapy on April 19, 2018 to evaluate plaintiff's need for a cane but that no appointment was made because the health services unit did not receive the order. The inmate complaint examiner also reported that plaintiff was placed on the schedule to be seen by physical therapy.

As I explained in my February 5, 2018 order denying plaintiff's previous motion for temporary injunctive relief, dkt. #10, this court's procedure requires plaintiff to file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Plaintiff was provided a copy of the court's procedure along with that order, but he has not submitted proposed findings of fact or any evidence to support them, apart from the inmate complaint examiner's response to his complaint.

However, even if plaintiff's motion was not facially flawed, I would deny it on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff's initial problem is that the conduct he is complaining about is not included in his current claims, which relate to defendants' failure to provide adequate treatment or pain medication for his knee pain between 2012 and 2015. It also is not clear that any of the defendants in this lawsuit were personally involved in delaying the scheduling of plaintiff's physical therapy appointment. Although plaintiff may seek to amend his complaint to add additional claims, he has not filed a motion to amend his complaint and there is no guarantee that he will be allowed to do so at this stage of the

2

lawsuit. Further, it is unlikely that plaintiff could show either a likelihood of success on the merits or irreparable harm because the inmate complaint examiner confirms that plaintiff is now on the schedule to see physical therapy and be evaluated for a cane. Accordingly, he is not entitled to emergency injunctive relief.

ORDER

IT IS ORDERED that plaintiff Joshua Towns's motion for a preliminary injunction, dkt. #17, is DENIED.

Entered this 10th day of September, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge